OPINION
Defendant-appellant, John Lamar Kolle, was indicted on May 6, 1996, and charged with one count of domestic violence, a fourth degree felony, with a specification of a prior offense of violence; and one count of escape, a fourth degree felony. Appellant entered not guilty pleas to the charges on June 21, 1996.
On June 30, 1997, appellant entered a plea of guilty to the domestic violence charge in exchange for a dismissal of the escape charge. The court accepted the plea, found appellant guilty, and imposed an indefinite prison term of eighteen months to five years. Appellant's subsequent motion for resentencing was denied and the matter is now before the court on appellant's timely appeal.
In a single assignment of error, appellant claims he should have been sentenced under Ohio sentencing laws as amended by Am.Sub.S.B. No. 2 ("Senate Bill 2"), effective July 1, 1996.[1]
Appellant argues he is entitled to the benefit of Senate Bill 2 because he was not sentenced for his offense until after the effective date of Senate Bill 2. This court has held that individuals sentenced after Senate Bill 2's July 1, 1996 effective date for criminal offenses committed before July 1 are not entitled to be sentenced pursuant to Senate Bill 2. State v. Cox (Apr. 28, 1997), Warren App. No. CA96-07-069, unreported.
Furthermore, in State v. Hedgecock (May 11, 1998), Fayette App. No. CA97-08-022, unreported, this court rejected the same argument offered by appellant; namely, that Section 15(D), Article II of the Ohio Constitution and R.C. 1.58(B) require the application of Senate Bill 2 to those individuals sentenced after July 1, 1996 for crimes committed before that date. Rather, Senate Bill 2 reflects a clear intent on the part of the legislature to apply the bill's new sentencing provisions only to those offenses committed after the July 1, 1996, effective date. Id. at 4, citing State v. Cox.
We accordingly find no merit to appellant's argument and, on the basis of our decisions in Hedgecock and Cox, overrule the assignment of error.
Judgment affirmed.
KOEHLER and POWELL, JJ., concur.
[1] Under Senate Bill 2, a domestic violence charge would constitute a fifth degree felony with a maximum penalty of one year in prison.